UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GLORIA WELLS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEROME COUNTY JAIL, SHERIFF MCFALL, LT. IBARRA, SGT. LINN, GUARD VANHOLLAND, JEROME COUNTY SHERIFF'S DEPARTMENT, GEM STATE TOWING,<br><br>　　　　Defendants. | Case No. 4:15-cv-00336-BLW<br><br>MEMORANDUM DECISION AND ORDER |

On February 23, 2016, Defendants filed a motion for summary judgment ("Motion") seeking dismissal of *pro se* Plaintiff Gloria Wells's remaining claims.[1] Dkt. 16. On February 24, 2016, the Court notified Plaintiff that she is required to file a response to Defendants' Motion within 21 days after the date the motion was mailed to her. Dkt. 17. Plaintiff was further cautioned:

---

[1] According to the Initial Review Order entered on October 5, 2015, Plaintiff was allowed to proceed on her "conditions of confinement claims" against Jerome County and three of the named Defendants, minus the claim of inadequate medical or dental care. IRO, Dkt. 5, pp. 20–21. The conditions of confinement claims include allegations of overcrowding, no access to cleaning supplies, inadequate ventilation and exposure to raw sewage from overflowing toilets in the basement, black mold in the shower, and unsafe drinking water. Wells was also permitted to proceed on her equal protection claim based on the Jerome County Jail's alleged policy of allowing male inmates, but not female inmates, to work at the jail. *Id.*, p. 15.

**Memorandum Decision and Order - 1**

> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). See Local Rule 7.1(e)(2); Fed. R.Civ. P. 41(b).

Dkt. 17. Plaintiff has filed no response, and the time for doing so has expired. *See* Local Rule 7.1(c)(1).

> Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part:
>
> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*

Fed.R.Civ.P. 56(e) (emphasis added); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case").

Defendants' arguments as to Wells's conditions of confinement claims, and as to her remaining equal protection claim, are persuasive in the absence of Plaintiff's opposition. Regarding the conditions of confinement claims, Wells failed to exhaust her administrative remedies as to each claim, which is a prerequisite to bringing an action.[2]

---

[2] Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act of 1955 (PLRA) provides:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

(Continued)

**Memorandum Decision and Order - 2**

Wells's equal protection claim must also fail. Wells alleges that male inmates—but not female inmates—were allowed to work at the jail, thereby becoming entitled to good time credit. Sheriff McFall's affidavit explains that for security and safety reasons, female inmates are not permitted to work with male inmates other than under direct and continual oversight of deputies. Dkt. 16-3, ¶ 8. He explains further that if an eligible inmate wishes to earn good time credit, and there are no placement opportunities available, other county jails are contacted. *Id*. at ¶ 9. If there is good time credit work available at another jail, the inmate would then be transferred. *Id*. at ¶ 10. This is the process used for all inmates, regardless of gender. *Id*. at ¶ 11. The uncontroverted facts in Sheriff McFall's affidavit establish that there is no unreasonable disparate treatment here. The Court will grant Defendants' motion for summary judgment because the undisputed evidence offered in support of the motion "show[s] that there is no genuine issue as to any material fact and that [Defendants are] entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex,* 477 U.S. at 322–23.

Alternatively, the Court will dismiss Plaintiff's claims against Defendants for failure to comply with the Court's order and for lack of prosecution. The Ninth Circuit has developed "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage

---

other correctional facility until such administrative remedies as are available are exhausted.

**Memorandum Decision and Order - 3**

its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs, Inc. v. Electric Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir.1998) (quoting *Malone v. USPS,* 833 F.2d 128, 130 (9th Cir.1987)); *see also Yourish v. Cal. Amplifier,* 191 F.3d 983, 990 (9th Cir.1999). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs,* 158 F.3d at 1057. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id.*

Considering this five-factor test, the Court concludes that dismissal is an appropriate sanction in this case. The first two factors plainly weigh in favor of dismissal: the public's interest in expeditious resolution of litigation and the Court's need to manage its docket require action when a plaintiff refuses to prosecute a case. Regarding the third factor, Defendants will be prejudiced if a sanction of dismissal is not imposed. After all, Defendants are unable to move forward with their defense of this case when Plaintiff refuses to respond to their motion and the Court's order.  As to the fifth factor, the Court has considered less drastic sanctions, but none other than dismissal appear sufficient. Plaintiff has not responded to the motion for summary judgment and has refused to comply with the Court's order. The Court informed the Plaintiff of the steps she must take to defend against the motion for summary judgment. *See* Dkt. 17. The Court concludes that the appropriate resolution is to dismiss Plaintiff's case.

**Memorandum Decision and Order - 4**

Defendants have also asked this Court to limit Plaintiff's ability to bring future lawsuits *in forma pauperis* within this district. Dkt. 16-2, p. 1. Defendants ask that the Court impose this limitation pursuant to Title 28 U.S.C.A. § 1915.[3] The Court declines to impose such relief at this time, as explained below.

The PRLA was enacted "to curb frivolous prisoner complaints and appeals." *Silva v. Di Vittorio*, 658 F.3d 1090, 1099–1100 (9th Cir.2011). Title 28 U.S.C.A. § 1915 provides:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, pursuant to Section 1915(g) a prisoner with three "strikes," meaning prior cases or appeals, brought while the plaintiff was a prisoner that were dismissed as frivolous, malicious, or for failure to state a claim, cannot proceed *in forma pauperis*. *Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir.2005).

---

[3] In addition to Section 1915, a court "has the inherent power to restrict a litigant's ability to commence abusive litigation *in forma pauperis*." *Visser v. Supreme Court of California*, 919 F.2d 113, 114, (9th Cir. 1990). The Court will decline to exercise its discretion in this regard, because Wells's five lawsuits—filed intermittently since 2009—pale in comparison to the number of lawsuits filed by other litigants in cases where restrictions have been imposed. *See Visser*, 919 F.2d 113 (petitioner filed eleven mandamus petitions in 16 months); *In re Sindram*, 489 U.S. 117 (1991) (petitioner filed 25 filings in one year, and in the preceding three years filed 43 separate petitions and motions); *In re McDonald*, 489 U.S. 180, 109 S.Ct. 993 (1989) (petitioner made 73 filings over an 18 year period).

**Memorandum Decision and Order - 5**

Defendants have the burden of establishing that Plaintiff has three or more strikes within the meaning of Section 1915(g), which requires submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. *Andrews,* 398 F.3d at 1120. As the court noted in *Andrews*, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121.

The Court declines to decide whether Wells's previous lawsuits qualify as strikes, because such an analysis is not necessary to resolve this case.[4] Should Wells file another case in federal court along with a motion to proceed *in forma pauperis*, then the court may at that time deny the motion if it determines that Wells has previously accrued three strikes pursuant to Section 1915(g). *See Belanus v. Clark*, 796 F.3d 1021, 1031–32 (9th Cir. 2015) (J. Fernandez concurring and dissenting in part) ("It is tempting to issue an

---

[4] The Court will note, however, that the present case does not constitute a strike against Wells. *See Martinez v. United States*, 812 F. Supp. 2d 1052, 1057 (C.D. Cal. 2010) ("A case resolved by way of summary judgment does not fall within the plain language of Section 1915(g) as it is not equivalent to a dismissal on the grounds that an action is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.' "); *Butler v. Dep't of Justice*, 492 F.3d 440, 442 (D.C. Cir. 2007) holding modified by *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415 (D.C. Cir. 2009) (Dismissal of appeal of prisoner's civil suit for failure to prosecute does not count as " strike" under the PLRA "three strikes" limitation on *in forma pauperis* proceedings; such dismissal is not based on appeal's being "frivolous, malicious, or fail[ing] to state a claim.")

**Memorandum Decision and Order - 6**

advisory opinion on the strike question for future courts that might have to struggle with deciding whether a previous piece of litigation did result in a strike, but I think that the temptation should have been resisted by the district court and should be resisted by us.")

## ORDER

IT IS ORDERED:

1. Defendants' Motion for Summary Judgment (Dkt. 16) is **GRANTED** and this case is dismissed with prejudice in its entirety.

2. The Court will issue a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: May 2, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision and Order - 7**